**TOWNSHIP OF SUGARLOAF**

v.

**Anthony R. BOWLING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.
Decided Dec. 31, 1998.

James L. McAneny, Harrisburg, for appellant.

William J. Schneider, Hazleton, for appellee.

Before DOYLE, J., KELLEY, J., and McCLOSKEY, Senior Judge.

DOYLE, Judge.

Before this Court is an appeal by Anthony R. Bowling from an order of the Court of Common Pleas of Luzerne County which granted a Petition to Stay Arbitration filed by the Township of Sugarloaf (Township).

Bowling was hired by the Township as a part-time police officer, effective July 1, 1995, on a probationary basis. There was no formal contract of hire nor any other written memorialization of the specific terms of Bowling's employment, nor, apparently, was there any specific mutual understanding regarding the term of his probationary period. Furthermore, there is no provision under any Township ordinance addressing the probationary period a new police officer must serve, nor has our research uncovered any statewide statute dealing with such a situation. On August 14, 1996, over a year after he was originally hired, the Township unilaterally "extended" Bowling's probationary period ostensibly to provide additional time to review his work performance and to determine whether his work met Township standards. On December 4, 1996, the Township notified Appellant that his probationary period had concluded and that the Township would not hire him as a full-time police officer. Bowling subsequently, on December 6, 1996, informed the Township that he was seeking arbitration over his termination under the terms of the collective bargaining agreement then in force between the Township and its police department. Article 3 of that collective bargaining agreement, entitled "MANAGEMENT RIGHTS," provides in pertinent part:

> It is agreed that any dismissals, suspensions, demotions, or other disciplinary action must be for just cause or otherwise as provided by law.

(Collective Bargaining Agreement at 1, Reproduced Record (R.R.) at 17a.) In response, the Township informed Bowling that he was not entitled to arbitration concerning his dismissal since he was not covered by the collective bargaining agreement because he was only a probationary police officer.

Bowling then requested the American Arbitration Association (AAA) to appoint an arbitrator to hear his dismissal grievance, which was the procedure provided in the collective bargaining agreement. The AAA selected an arbitrator, and a hearing was scheduled. The Township then responded by filing a complaint in equity for injunctive relief and/or a stay of arbitration in the Common Pleas Court, seeking a determination on the question of whether Bowling was entitled to arbitrate the matter of his dismissal. The Common Pleas Court, citing the Uniform Arbitration Act (UAA),[1] determined that the court had jurisdiction to determine the issue of arbitrability and held that Bowling **was** a probationary employee at all times relevant to his dismissal and, therefore, was not covered by the collective bargaining agreement. Thus, Common Pleas determined that Bowling was not entitled to grievance arbitration and granted the Township's petition for an injunction. It is from this order that Bowling appeals.

---

1. 42 Pa.C.S. §§7301–7362.

■ On appeal to this Court,[2] Bowling, citing Article 4 of the Collective Bargaining Agreement,[3] argues that Common Pleas lacked the jurisdiction to enjoin his arbitration hearing with the Township because the collective bargaining agreement provided for such arbitration, and urges us to reverse the trial court's order and remand this case for arbitration under the provisions of what is colloquially referred to as Act 111.[4]

Bowling's argument is based upon this Court's decision in *Chester Upland School District v. McLaughlin*[5] in which we held that, in cases where a collective bargaining agreement is in conflict with the UAA, "the arbitrator has sole jurisdiction in the first instance to decide whether an issue is arbitrable." *Id.* at 629. Bowling asserts that the facts of this case are similar to those in *Chester Upland* because here the UAA conflicts with Act 111, which provides for collective bargaining agreements between police officers and firefighters and their employers. Section 7 of Act 111 states, in pertinent part:

(a) The determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved. Such determination shall be in writing and a copy thereof shall be forwarded to both parties to the dispute. **No appeal therefrom shall be allowed to any court.**

43 P.S. §217.7 (emphasis added).

Additionally, Bowling asserts that Article 3 of the collective bargaining agreement between the police department and the Township specifically calls for arbitration between the parties when a police officer claims that there was a wrongful dismissal, as Bowling claims in this case. Bowling argues that the underlying issue of his dismissal is clearly within the four corners of the collective bargaining agreement and presents a contractual issue for an arbitrator to interpret under the collective bargaining agreement.

The Township argues that Bowling was never a member of the police force covered under the terms of the collective bargaining agreement because he was only serving as a probationary officer at the time of his dismissal. In support of its argument, the Township distinguishes the facts here from those in *Chester Upland,* and asserts that, unlike *Chester Upland,* Common Pleas in this instance had to address the threshold question of whether Bowling was a member of the Township's police department in order to first determine if he was covered by the collective bargaining agreement.

Common Pleas determined that Bowling was *not* a member of the department due to his status as a probationary officer. The trial court found:

In the present case, [Bowling's] employment contract stipulated hiring on a probationary basis. This probationary period was later extended and remained in effect until [Bowling's] termination. It is because of the contractual provision regarding a probationary employment term that this Court finds that [Bowling] is not covered by the Collective Bargaining Agreement and therefore, has not [sic] right to grievance arbitration.

(Opinion of the Trial Court at 3; R.R. at 37a.)

---

**2.** Our standard of review of a decision of a trial court is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Holsten,* 150 Pa.Cmwlth. 1, 615 A.2d 113 (Pa.Cmwlth.1992).

**3.** Article 4, Section 2 of the collective bargaining agreement, entitled "GRIEVANCES" states, in relevant part:

Any dispute under the existing Agreement that fails to be resolved through the normal grievance procedure shall be referred to voluntary, final, and binding arbitration for resolution. In the event of the failure of the parties to agree to an Arbitration, the parties shall call upon the American Arbitration Association for administrative appointment of an Arbitrator in accordance with its rules and regulations.

(Collective Bargaining Agreement at 2; R.R. at 18a.)

**4.** Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§217.1—.10.

**5.** 655 A.2d 621 (Pa.Cmwlth.1995), *aff'd* 544 Pa. 199, 675 A.2d 1211 (1996).

The threshold issue which must be decided, of course, is whether Bowling was a member of the police department covered under the collective bargaining agreement, as he contends, or whether, as the Township contends, Bowling was covered by a separate employment agreement as a consequence of his status as a probationary officer. If Bowling was a member of the police force under the collective bargaining agreement, then Act 111 and *Chester Upland* provide for arbitration. If, however, Bowling was not a "member" of the Department and was not covered under the collective bargaining agreement, the trial court would have jurisdiction under the UAA to stay Bowling's attempt to arbitrate his dismissal. Unfortunately, the record before this Court is incomplete and woefully inadequate to enable us to determine whether Bowling was, or was not, a probationary officer.

■ Neither party has cited to us any authority on the issue of whether a **probationary officer** is covered under a collective bargaining agreement, and we have been unable to unearth any clear precedent. Accordingly, we now hold that absent *specific* language in the collective bargaining agreement itself to that effect, or other specific contractual or legislative requirements, a probationary officer is *not* subject to the protections of a collective bargaining agreement.[6]

■ Accordingly, this case is remanded to the Court of Common Pleas to determine the threshold **common law *contractual*** question, whether Bowling was a member of the Township's Police Department entitled to the benefits provided by the collective bargaining agreement, which would depend directly on the length of Bowling's probationary period. That is the issue which must be determined first, before any decision can be made regarding whether arbitration is required and which tribunal has jurisdiction under Act 111 or the UAA.

6. We arrive at this conclusion on grounds of basic logic; on the one hand, the probationary period, however long its duration, exists to allow a prospective employer the opportunity to observe a probationary employee and determine if

### ORDER

**NOW**, December 31, 1998, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby vacated and this case is remanded for further findings and a determination of whether Appellant was a member of the Police Department of the Township of Sugarloaf or was merely a probationary police officer.

Jurisdiction relinquished.

it wants to make the commitment to hire that individual on a permanent basis; and, on the other hand, a collective bargaining agreement exists to protect the rights and benefits of those who are actually employees of the employer.